IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DONALD HARTMAN, Register No. 534307, )
)
                Plaintiff, )
)
             v. )   No. 06-4109-CV-C-NKL
)
DAVE DORMIRE, et al., )
)
                Defendants. )

## REPORT, RECOMMENDATION AND ORDER

      Plaintiff Donald Hartman, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      On February 1, 2007, plaintiff filed a motion for judgment on the pleadings. Plaintiff's motion simply asserts he is entitled to judgment based upon his pleadings filed in this case. Defendants have filed a response in opposition.

      The standard for judgment on the pleadings is a strict one. The movant must clearly establish that there are no material issues of fact and judgment is appropriate as a matter of law. Lion Oil Co., Inc. v. Tosco Corp., 90 F.3rd 268, 270 (8th Cir. 1996); National Car Rental System, Inc. v. Computer Associates Intern., Inc., 991 F.2d 426, 428 (8th Cir. 1993). The court accepts as true the facts pled by the nonmoving party and draws all reasonable inferences from the pleadings in that party's favor. Id.

      Defendants clearly dispute the facts as alleged by plaintiff, and for purposes of judgment on the pleadings, the court accepts as true the facts pled by defendants. Further, this court has already determined at the hearing on November 1, 2006, that plaintiff's claims do not warrant preliminary injunctive relief. There is no basis for granting plaintiff judgment on his pleadings against defendants.

Plaintiff's motion seeking a telephone conference is moot and motions seeking discovery are denied, without prejudice. Defendants filed a notice on March 13, 2007, with the court that a discovery conference was held. Defendants advise that Mr. Hartman understands that he may file concerns with the Court if unresolvable conflicts arise regard to any discovery issue. Plaintiff is advised for future purposes that he need not file his discovery requests with the court. He should send his discovery requests to defense counsel, setting forth in a clear and concise manner the information he is seeking. He should file with the court only a certificate of service indicating that discovery requests were sent to defense counsel. If defendants do not respond timely to discovery requests, or if there are discovery disputes that the parties cannot work out, plaintiff may file a motion to compel discovery. The motion should state what information is requested, what efforts plaintiff has made to obtain the discovery without court intervention, and the relevance of the information.

On February 26, 2007, plaintiff filed a motion for discovery seeking his mental health records. Defendants have responded in opposition to this specific discovery request, stating that the Department of Corrections does not allow inmates to view their mental health records; that plaintiff's review of his mental health records would damage the ability of treating physicians to assist him to the fullest extent and would exacerbate his condition; that Hartman's claim is not dependent on the particulars of his diagnosis, but instead, rests on his assertion that he has a mental illness and that due to this mental illness, he is placed in administrative segregation; that plaintiff's mental health records have been reviewed, in camera, by the court; that to contradict or utilize the particulars within his mental health records, plaintiff would need the assistance of a psychologist or psychiatrist; that plaintiff's treating doctor has already reviewed the records; and that the Department of Corrections would be willing to share the information with another treating doctor, if necessary.

Upon review, for the reasons set forth in the response of defendants, and because the information contained in plaintiff's mental health records was substantially set forth during the testimony of plaintiff's treating doctor at the hearing on preliminary injunctive relief, plaintiff's motion for disclosure of his mental health records is denied, without prejudice.

On March 9, 2007, plaintiff filed a motion seeking appointment of an outside expert to examine his mental health condition and his records for purposes of pursuing his claims in this

2

action. Plaintiff alleges that his treating doctors' testimony, as provided at the preliminary injunction hearing, is false. Defendants have responded in opposition.

Upon review, for the reasons previously set forth in the November 29, 2006 Report and Recommendation, and the February 9, 2007 Order, plaintiff's motion for an outside expert is denied.

Plaintiff has also filed motions for appointment of counsel and special master. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979) at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming

3

> burdens undertaken by attorneys prosecuting Federal civil litigation, and the
> problems which would be invited if all colorable claims of indigents were
> automatically referred to appointed counsel, a troublesome issue of selectivity is
> imposed on the courts. Care must be exercised to avoid altering the practice of
> infrequently asking lawyers to serve in civil matters, an assumption underlying
> the *Peterson* decision. Meritorious claims, however, would generally benefit
> from the assistance of counsel, but the court has few facilities permitting a
> forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not overly complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel or a special master. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

Plaintiff's motion seeking a copy of the docket sheet in this case is granted.

IT IS ORDERED that the Clerk of Court forward to plaintiff a copy of the docket sheet for this case. [70] It is further

ORDERED that plaintiff's motions for counsel, special master, psychologist, discovery, hearing, to compel, and a mental examination are denied, without prejudice. [41, 43, 54, 66, 69, 71, 72, 73, 75]. It is further

RECOMMENDED that plaintiff's motion for judgment on his pleadings be denied [55].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

4

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge