IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DONALD HARTMAN, Register No. 534307,    )
                                         )
                Plaintiff,               )
                                         )
        v.                               )   No. 06-4109-CV-C-NKL
                                         )
DAVE DORMIRE, et al.,                    )
                                         )
                Defendants.              )

### REPORT, RECOMMENDATION AND ORDER

Plaintiff Donald Hartman, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On May 7, 2007, plaintiff filed a motion for hearing and preliminary injunction, citing denial of needed legal materials from the prison property room. In response, defendants advised that plaintiff is in administrative segregation, and thus, is limited on the number of items he can have in his cell. Defendants advise that plaintiff may switch out the items in his cell with those in the prison property room by contacting his caseworker. Defendants further advise that plaintiff has not filed any Internal Resolution Request (IRR) or Grievance on the issue. In plaintiff's reply suggestions, he advises he seeks to obtain his jailhouse lawyer's handbook, and all court pleadings for this case, and that he has not filed an IRR or grievance because he is first trying to resolve the issue verbally.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir.

1985).  In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Upon review, plaintiff's claims of denial of legal items from the prison property room do not merit preliminary injunctive relief.  Plaintiff is in administrative segregation; therefore, he must comply with the limitations on property imposed by the special security status of administrative segregation.  Plaintiff should contact his caseworker in order to get the legal items he seeks from the property room and/or file an IRR, if the caseworker is unable to resolve the issue.

On April 16, 2007, plaintiff filed a notice to take the deposition of defendants and on April 25, a motion for the court to participate in such depositions via video, and advised that he did not require a court reporter.  Defendants filed a response in opposition, seeking a protective order to eliminate the need for defendants' appearance for such deposition and citing only eight days' notice to make arrangements and plaintiff's lack of arrangements for transcription.  In a reply, plaintiff advises he will record the deposition by hand and does not need a court reporter.

2

Rule 30, Federal Rules of Civil Procedure, provides the rules for depositions by oral examination. Rule 30(b)(2) provides that the notice of deposition shall state the method by which the testimony is to be recorded. The rule further provides that depositions may be recorded by sound, sound and visual, or stenographic means, and that the party taking the depositions shall bear the cost of such recording. Local Rule 30.1, Western District of Missouri, provides specific rules applicable to depositions taken with nonstenographic recordings. Rule 30.1 includes, but is not limited to, provisions requiring a technician to record any nonstenographic depositions, and that such technician's name, address and employer be provided to the party to be deposed.

Plaintiff's assertion that he will record the depositions of defendants by personally hand-writing the deposition testimony does not comply with the Federal Rules of Civil Procedure or the Local Rules for the Western District of Missouri. Depositions must be recorded by a neutral third party who provides such recording services and who is authorized to administer an oath. Deposition testimony is taken under oath and is admissible at trial or summary judgment; thus, it must be recorded by reliable means and sworn to. Handwritten notes by plaintiff do not provide such reliable means. Plaintiff's notice of deposition of defendants is, therefore, stricken. The court notes that plaintiff was previously advised by this court, in the order of April 7, 2007, that he could depose defendants as set forth by the Federal Rules of Civil Procedure, but like all parties in a civil action, would be responsible for the litigation costs associated. Plaintiff was also advised he should further consult the Rules to determine what forms of discovery are available to him. Plaintiff's motion seeking the court to participate in his depositions by means of video is without basis or merit and is denied.

IT IS, THEREFORE, ORDERED that plaintiff's motion for the court to participate in deposition by video is denied. [90] It is further

ORDERED that plaintiff's notice of deposition is stricken. [89] It is further

RECOMMENDED that plaintiff's motion for preliminary injunctive relief and corresponding telephone conference be denied. [93]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

3

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 31st day of May, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4