IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DONALD HARTMAN, Register No. 534307,    )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )    No. 06-4109-CV-C-NKL
                                        )
DAVE DORMIRE, et al.,                   )
                                        )
                    Defendants.         )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, in May 2006, and it was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. The case has progressed toward final resolution, and a motion for summary judgment is currently pending. There are, however, a number of other pending motions which are ready for ruling.

On July 30, 2007, plaintiff moved the court for a preliminary injunction releasing him from confinement in administrative segregation. Plaintiff asserts that on July 10, 2007, he had a psychiatric incident where he banged his head against a metal door causing his face or head to bleed. He was then placed in a restraint chair and transported to a rubber room.

Defendants responded in opposition to plaintiff's motion for a preliminary injunction and noted that plaintiff's previous request for a preliminary injunction removing him from administrative segregation was denied. Defendants assert there has been no change in circumstances which would warrant the relief plaintiff requests.

As set forth in the report and recommendation of November 29, 2006, the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), but a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems,

Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Here, the record indicates that plaintiff suffers from a long-term condition which is not curable, but is treatable. At the previous hearing, his treating physician testified that plaintiff was receiving appropriate medical care and medications, that adjustments were sometimes necessary, and that plaintiff received those adjustments when medically warranted.

Plaintiff's motion states facts that show when he acted in a manner harmful to himself, corrections personnel took steps to protect him. Deference must be given to corrections personnel to determine, for security and health purposes, where plaintiff is appropriately housed. Likewise, medical or mental health personnel should be given the opportunity to assess plaintiff's needs and to make the appropriate adjustments or recommendations. In light of the previous hearing indicating plaintiff has access to mental health treatment and that a change of housing assignments is not medically necessary, the court cannot say that justice requires the court to intervene at this time to preserve the status quo. If plaintiff continues to believe his

2

housing assignment is immediately detrimental to his mental health, he should fill out the appropriate request for medical services and then discuss the issue with his treating doctors.

On July 12, 2007, plaintiff filed a motion to compel discovery. He stated defendants had not responded to his interrogatories. Shortly thereafter, defendants filed a certificate of service and a response to the motion, indicating responses to the interrogatories were served on plaintiff. Thus, plaintiff's motion to compel is denied as moot.

On July 19, 2007, plaintiff submitted a request for a telephone conference to discuss discovery issues and appointment of counsel. On July 26, 2007, plaintiff also requested a hearing to present the court with evidence he obtained from a published source indicating that some mental health drugs may cause harmful effects. Defendants responded in opposition to the motion, and noted that plaintiff does not indicate he has any expert medical opinion which would link his treatment with the information he has obtained, or which would negate the previous testimony of his treating physician. The court is not currently persuaded that a telephone conference or hearing is required. Plaintiff may present the evidence in his response to the motion for summary judgment[1], and the court can then determine its relevance and admissibility in this case. If plaintiff's claims survive the motion for summary judgment, the court will reconsider plaintiff's request for appointment of counsel.

On August 1, 2007, plaintiff requested an extension of time of ninety days to conduct discovery. Plaintiff asserts he has limited access to case law and legal materials, and his psychiatric drugs slow him down so that this case will take a very long time to process. Defendants responded in opposition to an extension of discovery and noted plaintiff has previously received one extension of time.

A review of the pleadings shows this case was filed approximately fifteen months ago, and that plaintiff has not stated what additional discovery he needs. Plaintiff may need to research legal issues to respond to dispositive motions, but that is different from discovery of the evidence and facts relevant to his claims. Further, plaintiff's motion does not indicate he believes he can complete discovery within a reasonably short time if an extension is granted.

---

[1]The document appears to have been submitted on August 1, 2007, and is a photocopy of an article from The Philadelphia Trumpet of July 2007.

On August 1, 2007, plaintiff also filed a request for discovery of his mental health records.[2] A certificate of service filed on August 8, 2007, shows that a response was sent to plaintiff on his request for production of documents.

After consideration of the two discovery-related motions and defendants' responses, the court does not believe additional time is required for discovery. If plaintiff has specific, identifiable evidence that he needs to obtain, he may seek leave to request it out-of-time.

Finally, plaintiff requests a stay of the pending motion for summary judgment to allow him to submit one additional set of interrogatories to defendants. Plaintiff did not state, however, what additional information he requires from defendants.

The court has carefully weighed plaintiff's requests, but is concerned that plaintiff will prolong this litigation indefinitely if not forced to comply with the deadlines set. Thus, within ten days, plaintiff may submit for review by the court a copy of the interrogatories he wishes to submit to defendants. Plaintiff should make sure those interrogatories are relevant to the issues in the case and are not duplicates of previous requests. If those interrogatories are received on time, the court will then determine whether the additional discovery is required. If the discovery is needed, the court will give defendants a short response time.

In the meantime, plaintiff should begin preparing his response to the motion for summary judgment. If plaintiff is denied additional discovery, his response to the motion for summary judgment will be due within twenty days after the denial. If the additional discovery is permitted, plaintiff's response to the motion for summary judgment will be due within twenty days after defendants respond to the permitted discovery.

If plaintiff does not submit timely interrogatories to the court for review, his response to the motion for summary judgment will be due no later than October 22, 2007.

Unless otherwise ordered, no additional time will be permitted. Plaintiff has already had more than twenty days to begin his response to the motion for summary judgment, and more than fifteen months to process this case and to research the legal issues and to organize the facts.

In light of the foregoing, it is

---

[2]It was docketed as a motion rather than a certificate of service of discovery requests.

ORDERED that plaintiff's motion of August 30, 2007, for a stay of the motion for summary judgment is denied, but the deadline for response is modified as set forth in the body of this order. [123] It is further

ORDERED that plaintiff is granted ten days to submit to the court for review, a copy of his proposed interrogatories to defendants which he claims are needed to permit him to respond to the motion for summary judgment. It is further

ORDERED that plaintiff's motions of August 1, 2007, for an extension of time for discovery and for production of documents are denied. [117, 118] It is further

ORDERED that plaintiff's motion of July 26, 2007, for an evidentiary hearing is denied. [112] It is further

ORDERED that plaintiff's motion of July 19, 2007, for a telephone conference and appointment of counsel is denied, without prejudice. [110] It is further

ORDERED that plaintiff's motion of July 12, 2007, to compel interrogatory answers is denied as moot. [107] It is further

RECOMMENDED that plaintiff's motion of July 30, 2007, for a preliminary injunction directing that he be released from administrative segregation be denied. [115]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 20th day of September, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge